1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY L. FLETCHER,                    No.  2:16-cv-2136-EFB P

12               Plaintiff,

13        v.                                 ORDER

14   E. P. JOHNSON, et al.,

15               Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915 and a request for appointment of counsel.

20   **I.    Request to Proceed In Forma Pauperis**

21        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   **II.    Screening Requirement and Standards**

26        Federal courts must engage in a preliminary screening of cases in which prisoners seek

27   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief. The complaint alleges that defendant Dr. Saycon: (1) "threatened" plaintiff's life in front of defendant "Dr. Z;" (2) threatened to prescribe plaintiff a medicine to prevent him from exposing himself;

2

1    and (3) threatened to give plaintiff a medicine that would cause him to die. Plaintiff alleges that

2    he wrote to the "head doctor," defendant Miner, who "didn't do anything." He also alleges that

3    defendant Johnson, an officer, agreed to serve as plaintiff's "witness." Plaintiff seeks "exactly

4    3.5 million [dollars]" in damages.

5        Plaintiff's intention appears to be to assert an Eighth Amendment claim of deliberate

6    indifference to medical needs against defendant Saycon. It appears that plaintiff also wishes to

7    hold defendants "Dr. Z" and Dr. Miner liable in some fashion, but there are no allegations

8    showing how either defendant was personally involved in violating plaintiff's federal

9    constitutional or statutory rights. As for defendant Johnson, who plaintiff identifies as a

10    "witness," the court cannot ascertain plaintiff's intended claim for relief. In short, plaintiff has

11    not pleaded sufficient facts to state a claim for relief. Although the Federal Rules adopt a flexible

12    pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

13    succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must

14    allege with at least some degree of particularity overt acts which defendants engaged in that

15    support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must

16    be dismissed.

17        Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable

18    legal theory against a proper defendant and sufficient facts in support of that cognizable legal

19    theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must

20    afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

21    Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

22    forth the claims and allegations against each defendant. Any amended complaint must cure the

23    deficiencies identified above and also adhere to the following requirements:

24        Any amended complaint must identify as a defendant only persons who personally

25    participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

26    *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

27    constitutional right if he does an act, participates in another's act or omits to perform an act he is

28    legally required to do that causes the alleged deprivation).

1       It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

2       Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*

3 *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

4       Any amended complaint must be written or typed so that it so that it is complete in itself

5 without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

6 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

7 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

8 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

9 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

10 1967)).

11       The court cautions plaintiff that failure to comply with the Federal Rules of Civil

12 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

13 *See* E.D. Cal. L.R. 110.

14       In addition, the court notes that the following legal standards may apply to plaintiff's

15 intended claim for relief.

16       To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

17 constitutional or statutory right; and (2) that the violation was committed by a person acting under

18 the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

19 930, 934 (9th Cir. 2002).

20       An individual defendant is not liable on a civil rights claim unless the facts establish the

21 defendant's personal involvement in the constitutional deprivation or a causal connection between

22 the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v.*

23 *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

24 Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional

25 conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff must

26 identify the particular person or persons who violated his rights. He must also plead facts

27 showing how that particular person was involved in the alleged violation.

28 /////

4

1    To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

2    plaintiff must establish that he had a serious medical need and that the defendant's response to

3    that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

4    *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to

5    treat the condition could result in further significant injury or the unnecessary and wanton

6    infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial,

7    delay or intentional interference with medical treatment or by the way in which medical care is

8    provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

9        To act with deliberate indifference, a prison official must both be aware of facts from

10   which the inference could be drawn that a substantial risk of serious harm exists, and he must also

11   draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if

12   he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

13   to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate

14   altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,

15   884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,

16   even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

17   *Id.*

18       It is important to differentiate common law negligence claims of malpractice from claims

19   predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

20   In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

21   support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

22   1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

23   F.3d 1051, 1057 (9th Cir. 2004).

24   **IV.    Request for Appointment of Counsel**

25       Plaintiff requests that the court appoint counsel. District courts lack authority to require

26   counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist.*

27   *Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney

28   to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

5

F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## V.    Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's request for appointment of counsel (ECF No. 7) is denied without prejudice.

Dated:  August 2, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6